UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANA CRISTINA GENTILE,                  :
              Plaintiff,              :
                                           :
                                           :           **12 CV 3664 (HB)**
   - against -                       :
                                           :           **OPINION & ORDER**
STANLEY OLAN,                          :
              Defendant.              :
------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff Ana Cristina Gentile brings claims for tortious interference with her employment contract and fraud under New York law. She also seeks a declaratory judgment stating that her purported employment agreements with Sea Crest Linens are invalid and unenforceable. Defendant Stanley Olan moves for summary judgment for failure to state a claim. For the reasons stated below, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

      Defendant is the vice president of Central Laundry Service Corp. In 1985, Central Laundry purchased the assets of Sea Crest Linen Supply Company and also began doing business under the name Sea Crest Linen. From 1999 until at least 2001 and again from 2006 to 2010, Sea Crest Linen employed Plaintiff as a salesperson. Defendant points to two employment agreements for each respective period that he claims Plaintiff signed. Both of these agreements included three-year nonsolicitation clauses barring Plaintiff from soliciting existing Sea Crest customers. But Plaintiff testified at deposition that she never signed these employment contracts and that her signatures on both documents are fraudulent.

      After Plaintiff left Sea Crest in 2010, she began working for White Plains Linen as a salesperson the following year. Shortly thereafter, Defendant argues that he came to believe that Plaintiff had solicited Sea Crest customers and by so doing violated her employment agreement with Sea Crest. Defendant based this conclusion on a conversation with a Sea Crest customer. But Defendant also acknowledged that this customer never told him that Plaintiff attempted to make a "hard sell or anything like that," but only that Plaintiff "notified [this customer] she was working for White Plains." (Olan Dep. 85:5–14.)

      On September 21, 2011, Defendant directed counsel to inform White Plains Linen by letter that Plaintiff had violated her employment agreement with Sea Crest by soliciting Sea

Crest customers.  Defendant's counsel threatened White Plains Linen with "appropriate action" should White Plains Linen "permit Ms. Gentile to continue to contact and solicit customers of Sea Crest."  (Def.'s 56.1 Ex. H.)   Thomas Moscati, a sales manager at White Plains Linen, interpreted this letter to mean that "if Ms. Gentile continued to be employed by White Plains Linen soliciting Sea Crest accounts, they would bring action against us."  (Moscati Dep. 45:6–14.)  And in response to that letter, White Plains Linen terminated Plaintiff's employment.

## DISCUSSION

On this motion for summary judgment, I "constru[e] the evidence in the light most favorable to the non-moving party." *Albert v. Loksen*, 239 F.3d 256, 263 (2d Cir. 2001).  "Summary judgment is appropriate where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law' . . . ." *Id.* (first alteration in original) (quoting Fed R. Civ. P. 56(c)).

### A.  Tortious Interference with Contract

Plaintiff first argues that Defendant tortiously interfered with her employment contract with White Plains Linen.  Under New York law, to succeed on this cause of action a plaintiff must show "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff."  *Longmire v. Wyser-Pratte*, No. 05 Civ. 6725, 2007 WL 2584662, at *16 (S.D.N.Y. Sept. 6, 2007) (quoting *Albert*, 239 F.3d at 274).

But in addition to these requirements, claims of interference with an at-will employment contract, which this appears to be, are subject to a heightened standard.  Plaintiffs alleging breach of an at-will employment contract must also demonstrate that the defendant "acted with malice or employed wrongful means."  *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 444 (E.D.N.Y. 2011).  Such means include "fraud, misrepresentation, or threats."  *Longmire*, 2007 WL 2584662, at *16.  Here, Plaintiff's contract with White Plains Linen did not specify the duration of Plaintiff's employment, nor did it place any limitations on her discharge.  Under these circumstances, her employment was at will.  *Azzolini v. Marriot Int'l, Inc.*, 417 F. Supp. 2d 243, 247 (S.D.N.Y. 2005).  Plaintiff therefore must demonstrate Defendant's culpable conduct.

The parties dispute only whether Defendant acted wrongfully and whether Plaintiff suffered damages.  Yet even under the more stringent test for at-will employment contracts, sufficient evidence exists for Plaintiff to survive summary judgment on her tortious interference

claim.  Whether Defendant misrepresented the extent of Plaintiff's "solicitation" when he directed counsel to threaten White Plains Linen with legal action and whether his conduct was culpable creates a material issue of fact for the jury.  *See Albert*, 239 F.3d at 276 (false statements resulting in plaintiff's termination were sufficient to support tortious interference with at-will employment).  Based on the conduct Defendant understood had occurred, a jury could find that Plaintiff had not solicited Sea Crest customers and Defendant's counsel's letter was unwarranted.

Further, a material question of fact also exists as to whether Plaintiff ever signed an agreement with a nonsolicitation clause.  Indeed, Plaintiff testified at deposition that she had never signed any employment agreement containing a nonsolicitation clause and that any signature on these documents was forged.  (Gentile Dep. 38:11–14, 43:3–6.)  If this testimony is credited, a jury could conclude that the letter to White Plains Linen was malicious because Plaintiff was under no obligation to refrain from soliciting Sea Crest's customers.  Under these circumstances, Plaintiff would succeed on her tortious interference with contract claim.

And a reasonable jury could also conclude that Plaintiff suffered damages from her termination.  Although Moscati suggested that Plaintiff may have been fired regardless of her alleged violations of her contract with Sea Crest, a jury could nevertheless conclude that she was fired earlier than she might have been otherwise.  And whether Defendant's actions caused her other reputational harms is a question for the jury to decide.  *See Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 597 (2d Cir. 1996) (plaintiff in tortious interference with contract cases may recover, *inter alia*, consequential losses and for actual harm to reputation).  Accordingly, summary judgment on Plaintiff's tortious interference with contract claim is denied.

**B.  Fraud**

But summary judgment is granted as to Plaintiff's fraud claim.  In New York, "[t]he elements of common law fraud are (1) a misrepresentation of material fact, (2) made with fraudulent intent, (3) upon which the plaintiff reasonably relies to his (4) economic detriment." *Nirvana Int'l, Inc. v. ADT Sec. Servs., Inc.*, 881 F. Supp. 2d 556, 563 (S.D.N.Y. 2012).  Whether White Plains Linen—a nonparty in this action—relied upon any forged signatures is irrelevant to Plaintiff's fraud allegations.  *See Schaeffer v. Kessler*, No. 12 Civ. 8576, 2013 WL 1155587, at *7 (S.D.N.Y. Mar. 20, 2013) ("While presenting the signatures in question to a third party as if they were authentic might constitute common-law fraud, it would be a fraud on the third party,

not on [the claimed signatory]."). Even if Plaintiff's signatures on the employment agreements were forged, she cannot demonstrate that she relied on them in any way to her own detriment. Indeed, Plaintiff immediately denied ever signing the documents. Reliance is a required element and here there is none. Consequently, Plaintiff's fraud claim must fail. *See Nirvana Int'l*, 881 F. Supp. 2d at 563 ("Plaintiff did not rely on his forged signature so Plaintiff has no claim for fraud.").

## C. Declaratory Judgment

I also dismiss Plaintiff's request for a declaratory judgment that the employment agreements are void. Federal courts have "substantial discretion in deciding whether to declare the rights of litigants" under the Declaratory Judgment Act. *Wells Fargo Bank, N.A. v. Sharma*, 642 F. Supp. 2d 242, 247–48 (S.D.N.Y. 2009) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Among the factors courts consider is "whether all necessary parties have been joined." *Id.* at 248. Both contracts here indicate that Sea Crest Linen Supply Co. was the counterparty. But Plaintiff joined in this action neither Sea Crest nor its apparent successor Central Laundry, which does business as Sea Crest Linen. "It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000). Accordingly, Plaintiff's claim for declaratory judgment is dismissed.

## CONCLUSION

I have considered the parties remaining arguments and find them meritless. For the reasons stated above, Defendant's motion for summary judgment is GRANTED as to Plaintiff's fraud claims. Defendant's motion is DENIED as to Plaintiff's tortious interference with contract claims. I also dismiss Plaintiff's claims for declaratory judgment. The Clerk of the Court is instructed to close this motion and remove it from my docket.

SO ORDERED.

Date: 5/6/13
New York, New York

HAROLD BAER, JR.
United States District Judge

4